# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
v. ) ID No. 1109011777
)
ANTHONY GORDON, )
)
Defendant. )

Date Submitted: October 25, 2019
Date Decided: December 5, 2019

## ORDER

Upon consideration of Defendant's *pro se* "Motion for Correction of Sentence 35(a) and Alternatively Rule 61;"[1] the facts and arguments in Defendant's Motion; statutory and decisional law; and the record in this case, **IT APPEARS THAT:**

1. On January 24, 2013, a jury found Defendant guilty of two counts of Rape Second Degree and one count of Rape Fourth Degree for acts that occurred when the victim was less than 16 years old.[2] On April 12, 2013, Defendant was sentenced to a total of thirty-five years at Level V, twenty years minimum mandatory, suspended after twenty-one years for decreasing levels of supervision.[3] On appeal, the Supreme Court affirmed the judgment of the Superior Court.[4]

---

[1] D.I. 136.
[2] D.I. 33.
[3] D.I. 43.
[4] *See Gordon v. State*, 82 A.3d 729, 2013 WL 6569705 (Del. 2013) (TABLE).

2. Since that time, the Defendant has filed numerous *pro se* motions and letters, all of which have been denied.[5]

3. In the instant Motion, Defendant asks the Court to correct his sentence pursuant to Superior Court Criminal Rule 35(a) and, alternatively Rule 61, arguing he was illegally sentenced because his counsel did not request an jury instruction on the lesser included offense of Rape Third Degree, the Court failed to instruct the jury on Rape Third Degree, and counsel failed to file a motion for bill of particulars.[6]

4. Pursuant to Superior Court Criminal Rule 35(a), "the court may correct an illegal sentence at any time." The limited purpose of Rule 35(a) is to permit correction of an illegal sentence, not to re-examine errors at trial.[7] Under Rule 35(a), a sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.

5. Defendant seeks to set aside his conviction and sentence on the basis of alleged errors occurring at trial prior to the imposition of his sentence. However, such claims fall outside the narrow scope of Rule 35(a). Therefore, Defendant's Motion for Correction of Sentence pursuant to Rule 35(a) is **DENIED.**

---

[5] *See* D.I. 50, 57, 58, 59, 60, 61, 62, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 75, 77, 78, 79, 80, 81, 83, 85, 87, 88, 89, 101, 112, 115, 118, 127, 128, 135 136, 137.
[6] D.I. 82.
[7] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

2

6. Rule 61 is the exclusive remedy for a person seeking to set aside their convictions.[8] Pursuant to Rule 61(d)(2), a second or subsequent motion "shall be summarily dismissed, unless the movant was convicted after a trial and the motion" pleads with particularity either: (1) "that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted," or (2) "that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction . . . invalid."[9]

7. This is Defendant's <u>third</u> motion for postconviction relief. The Court denied his two earlier motions.[10]

8. Here, Defendant does not introduce new evidence, but rather repeatedly argues that the evidence at trial could have permitted the jury to acquit him of Rape Second Degree and convict him of Rape Third Degree. The Delaware Supreme Court, affirming Defendant's conviction, held there was sufficient evidence presented for the jury to conclude beyond a reasonable doubt that Defendant committed two counts of Rape Second Degree.[11] In addition, Defendant does not

---

[8] *Walls v. State*, 158 A.3d 877 (Del. 2017).
[9] Super. Ct. Crim. R. 61(d)(2).
[10] *See* D.I. 101, 123, 136, 137.
[11] *Gordon*, 2013 WL 6569705, at *3.

3

cite to new laws that would render his conviction invalid. Therefore, Defendant fails to satisfy the stringent pleading requirements of Rule 61(d)(2).

9. For the foregoing reasons, Defendant's alternative claim under Rule 61 is procedurally barred, and therefore, **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

Jan R. Jurden, President Judge

Original to Prothonotary
cc: Anthony Gordon (SBI# 211789)
    Abigail R. Layton, Esq., DAG

4